UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6238-CR-FERGUSON
Magistrate Judge Snow

UNITED STATES OF AMERICA )
)
)
)
v. )
)
)
LEONARDO SERRANO, )
)
    Defendant. )
_____)



### GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.   1.   Attached, please find a copy of any written statements made by the defendant.

           2.   That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

           3.   No defendant testified before the Grand Jury.

           4.   The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.

           5.   Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its



case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 E. Broward Blvd., Suite 700, Fort Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). The government is not presently aware of any information favorable to the defendant on the issues of guilt or punishment within the scope of Brady or Agurs.

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959). At present there are no witnesses to whom any of the foregoing has been offered.

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. At present there are no such witnesses.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

2

G.  The government has advised its agents and officers involved in this case to preserve all rough notes.

H.  The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

J.  The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.  No contraband is involved in this indictment.

L.  The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.  The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.  To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. However, the government does not anticipate calling any expert witnesses in this case.

O.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.  At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

3

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

> Time: 11:55 am
> Date: June 8, 2000
> Place: Sunrise, Florida

The attachments to this response are numbered pages 1-6. Please contact the undersigned Assistant United States Attorney if any pages are missing.

> Respectfully submitted,
>
> GUY A. LEWIS
> UNITED STATES ATTORNEY
>
> By: _____
> Robert N. Nicholson
> Assistant United States Attorney
> Florida Bar No. 933996
> 500 East Broward Blvd. Ste. 700
> Ft. Lauderdale, Florida 33394
> Tel: (954) 356-7255
> Fax: (954) 356-7336

cc: Special Agent Montero, SSA-OIG
    Special Agent Nass, FBI

4

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 18th day of October, 2000, to:

Tim Day, Esq.
Office of the Federal Public Defender
101 NE Third Ave., Suite 202
Fort Lauderdale, FL 33301

Robert N. Nicholson
Assistant United States Attorney

5

# OFFICE OF THE INSPECTOR GENERAL
# SOCIAL SECURITY ADMINISTRATION

## REPORT OF INVESTIGATIVE ACTIVITY

| Case No.: FTL-00-00148-D | Type of Report: | |
|---|---|---|
| Subject: SERRANO, leonardo | ☒ Interview | ☐ Search Warrant Execution |
| Subject/Case SSN: 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 | ☐ Statement of Facts | ☐ Surveillance |
| City/State: Tampa, Fl | ☐ Agency Assistance | ☐ Evidence |
| Date of Action: 07/27/00 | ☐ Background | ☐ Fugitive |
| Topic: | ☐ Subpoena Service | ☐ Grand Jury |
| Special Agent: Javier R. Montero | ☐ Arrest | ☐ Other: |

**FACTS:**

On July 27, 2000, I interviewed Lenny SERRANO a.k.a. Leonardo SERRANO at the Sheraton Suites located in Tampa, Florida. Present during the interview was Special Agent Steffan Nass, Federal Bureau of Investigations (FBI), Miami, Florida. Prior to questioning SERRANO, I advised him of his rights as a federal employee and the purpose of the interview. SERRANO signed a waiver and agreed to be interviewed.

SERRANO stated that he met Dr. Russell Posner approximately one and half to two years ago. SERRANO said that Dr. Posner had never treated him, but Dr. Ira Strickman had treated him. SERRANO stated that Dr. Posner had given him tickets to various events at the National Car Rental Center, including tickets to Bette Midler concert. SERRANO said that he was "shocked" when Dr. Posner informed him that he had been receiving Social Security disability benefits. SERRANO explained that he was shocked because he had visited Dr. Posner's office on many occasions and not once observed any physical limitations. SERRANO further explained that in the one and half to two years that he has known Dr. Posner, he has never seen Dr. Posner use a cane or walker.

SERRANO stated that several years ago he heard that Cindy Lewis, a Social Security Claims Representative at the Sunrise Social Security Office wanted to do a questionable disability interview with Dr. Posner because she believed that he had been working. SERRANO said that the office manager, Fred Salas instructed her not to do the interview.

SERRANO advised that he recalled the conversation I had with him on June 8, 2000, regarding a pretext continuing disability interview I had scheduled with Dr. Posner. SERRANO further advised that he recalled that I had instructed him to treat me like any other employee of Sunrise, Florida Social Security Office and not to discuss this matter with Dr. Posner. SERRANO stated that he knew that I was from the Office of the Inspector General Social Security Administration (SSA/OIG), an investigative entity even prior to our discussion of Dr. Posner. SERRANO stated that while driving to lunch with Brad Teachey, a co-worker, he placed a telephone call from his personal cellular phone (954-881-5777) to Dr. Posner office to give him a "heads Up" regarding my true identity. SERRANO said that he informed Dr. Posner that I was with "OIG."

This report contains sensitive law enforcement material, and is the property of the Social Security Administration, Office of the Inspector General (SSA OIG). It may not be copied or reproduced without written permission from the SSA OIG. This report is **FOR OFFICIAL USE ONLY**, and its disclosure to unauthorized persons is strictly prohibited and may subject the disclosing party to liability. Public availability to be determined under 5 U.S.C. §§ 552, 552a

## OFFICE OF THE INSPECTOR GENERAL
## SOCIAL SECURITY ADMINISTRATION

SERRANO stated that he knew what he had done was wrong and that he had agonized over placing the telephone call. SERRANO said that prior to placing the call to Dr. Posner, Teachey advised him not to make the call and after he made the call to Dr. Posner, Teachey informed him that the telephone lines might be monitored.

SERRANO advised that later the same day, he received a telephone call from Dr. Posner requesting him to come over to his office. SERRANO stated that Dr. Posner instructed him to enter through the rear door of the office. According to SERRANO, Dr. Posner stated that he was not doing anything wrong because he is not working.

SERRANO said that he recently saw Dr. Posner in the Social Security office and informed Dr. Posner that he was going to be taking a business trip to Tampa, Florida and that he was having sexual performance problems. SERRANO advised that Dr. Posner left the office and returned a short time later with a prescription for viagra and two sample boxes of relafin. SERRANO said that he received the viagra and the relafin based upon his personal request and not from a visit to the doctor or a consultation. SERRANO advised that he did not have the prescription filled and disposed of the prescription so that he wife would not find it.

| Special Agent: | Javier R. Montero | SAC or ASAC | |
|---|---|---|---|
| Date: | 8/1/00 | Date: | 8-7-00 |

This report contains sensitive law enforcement material, and is the property of the Social Security Administration, Office of the Inspector General (SSA OIG). It may not be copied or reproduced without written permission from the SSA OIG. This report is FOR OFFICIAL USE ONLY, and its disclosure to unauthorized persons is strictly prohibited and may subject the disclosing party to liability. Public availability to be determined under 5 U.S.C. §§ 552, 552a

Office of the Inspector General
Office of Investigations
Social Security Administration

## Federal Employee Advice of Rights

This is an inquiry regarding information pertaining to or allegations of misconduct or improper performance of official duties. In accordance with the Privacy Act of 1974, you are advised that the authority to conduct this interview is contained in the Inspector General Act of 1978, as amended, 5 U.S.C. App 3 Section 4.

The matter under investigation could also constitute a violation of law which could result in criminal prosecution of responsible individuals.

This inquiry concerns _a telephone call you placed on 6/8/00 to Russell Rosmer_

You have the right to remain silent if your answers may tend to incriminate you. If you do decide to answer questions or to make a statement, you may stop answering at any time.

Anything you say may be used as evidence against you both in any future administrative proceeding initiated by the Social Security Administration or any future criminal proceedings.

If you refuse to answer the questions posed to you on the ground that the answers may tend to incriminate you, you cannot be discharged by the Social Security Administration solely for remaining silent. However, your silence can be considered by the Social Security Administration in an administrative proceeding for its evidentiary value that is warranted by the facts surrounding your case.

WAIVER

I understand the warnings and assurances stated above and I wish to answer questions or make a statement concerning this matter. No promises have been made to me and no pressure or coercion of any kind have been used against me. I know and understand what I am doing.

_7/27/00_          _10 05_          _[Signature]_
(Date)              (Time)            (Signature)

                                     _L. Serrano_
                                     (Print Name)

_Ian B. Marku_     _7/27/00_    _10:05 pm_
(Investigator)     (Date)        (Time)

_[Signature]_ FBI MIAMI  _7/27/00_    _10:05 p_
(Witness)             (Date)         (Time)

This report contains sensitive law enforcement material, and is the property of the Social Security Administration, Office of the Inspector General (SSA OIG). It may not be copied or reproduced without written permission from the SSA OIG. This report is FOR OFFICIAL USE ONLY, and its disclosure to unauthorized persons is strictly prohibited and may subject the disclosing party to liability. Public availability to be determined under 5 U.S.C. §§ 552, 552a.

FORM OI-15 (Revised 6/1/98)                                     **03**

```
          DTE:06/09/00     SSN: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       XC:X    UNIT:JRMOIG    PG:001
     MSGNO:2547518

ACCOUNT     SSN: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 ETC:0 RFN:63138032097
NAME        NAA: LEONARDO , , SERRANO
BIRTH       DOB:02/03/1949 PLB: SANLORENZO , RQ SEX:M ETB:1
PARENT      MNA: JUANA M MELENDES
            FNA: LEONARDO SERRANO
INTERNAL    FMC:1 CYD:04/XX/1965

XR SSNS     NO MULTIPLE SSNS LOCATED
```

04

```
VIEW 2.0 BROWSE - BM017ABA ----- REC 0000081 PG 0000003.013 LOCK 00 COL 001 08
COMMAND ===>                                                SCROLL ===> PAGE
.    1339 (954)-881-5777 (000)-454-9161 133 03436524315 06/03 17:06:46 001:42.3
.    1339 (954)-881-5777 (000)-454-9161 218 03436524315 06/10 12:36:22 000:30.1
.    1339 (954)-881-5777 (000)-454-9161 218 03436524315 06/10 12:40:53 000:22.2
.    1339 (954)-881-5777 (000)-454-9161 052 03436524315 06/18 11:15:36 000:58.8
.    1339 (954)-881-5777 (000)-454-9161 139 03436524315 06/18 12:30:43 000:14.5
.    1339 (954)-881-5777 (000)-472-7396 218 03436524315 06/21 12:02:12 003:47.5
.    1339 (954)-881-5777 (000)-472-7396 218 03436524315 06/21 12:11:49 000:50.4
.    1339 (954)-881-5777 (000)-599-6064 012 03436524315 00/00 00:00:00 000:00.0
.    1115 (954)-881-5777 (000)-599-6064 012 03436524315 00/00 00:00:00 000:00.0
.    1339 (954)-881-5777 (000)-746-7707 218 03436524315 06/08 11:55:57 002:04.9
.    1339 (954)-881-5777 (305)-310-1270 043 03436524315 00/00 00:00:00 000:00.0
.    1339 (954)-881-5777 (305)-310-1270 043 03436524315 06/10 17:16:08 001:26.4
.    1339 (954)-881-5777 (305)-819-6880 131 03436524315 06/08 15:35:21 000:55.9
.    1339 (954)-881-5777 (305)-935-2845 218 03436524315 06/10 12:41:58 001:02.1
.    1330 (954)-881-5777 (407)-402-6198 131 03436524315 06/21 12:16:15 001:01.3
.    1330 (954)-881-5777 (888)-579-7377 075 03436524315 06/21 17:42:37 000:19.7

.SARPAGE 4
.
.TAPE START DATE = .......TAPE START TIME = .......
  F1=HELP    F2=SPLIT    F3=END      F4=RETURN   F5=RFIND    F6=           F7=UP
  F8=DOWN    F9=SWAP     F10=LEFT    F11=RIGHT   F12=CURSOR
□
```

Cellular telephone call initiated by SERRANO to Russell Posner.

| Number | Date | Time | Calling No. | Called No. | Duration | Answered | Carrier | Call Type | Billed No |
|---|---|---|---|---|---|---|---|---|---|
| #221 | 06/08/00 | 09:36 | 954-746-6967 | 954-968-2233 | 1 | Yes | | 001 | |
| #222 | 06/08/00 | 09:48 | 954-746-6967 | 954-961-1500 | 4 | Yes | | 001 | |
| #223 | 06/08/00 | 10:00 | 954-746-6967 | 954-436-6427 | 1 | Yes | | 001 | |
| #224 | 06/08/00 | 10:14 | 954-746-6967 | 305-388-6132 | 1 | Yes | AT&T | 119 | |
| #225 | 06/08/00 | 10:14 | 954-746-6967 | 954-741-5557 | 1 | Yes | | 001 | |
| #226 | 06/08/00 | 10:33 | 954-746-6967 | 305-558-6704 | 1 | Yes | | 006 | |
| #227 | 06/08/00 | 10:54 | 954-746-6967 | 954-599-7707 | 0 | NO | | 001 | |
| #228 | 06/08/00 | 10:56 | 954-746-6967 | 954-560-7707 | 1 | Yes | | 001 | |
| #229 | 06/08/00 | 10:59 | 954-746-6967 | 954-599-7707 | 1 | Yes | | 001 | |
| #230 | 06/08/00 | 11:10 | 954-746-6967 | 954-718-6828 | 6 | Yes | | 001 | |
| #231 | 06/08/00 | 11:25 | 954-746-6967 | 954-986-8637 | 1 | Yes | | 001 | |
| #232 | 06/08/00 | 11:26 | 954-746-6967 | 956-320-2254 | 1 | Yes | | 001 | |
| #233 | 06/08/00 | 11:30 | 954-746-6967 | 954-972-0313 | 1 | Yes | | 001 | |
| #234 | 06/08/00 | 11:49 | 954-746-6967 | 954-741-2495 | 1 | Yes | | 001 | |
| #235 | 06/08/00 | 11:51 | 954-746-6967 | 305-893-7777 | 8 | Yes | | 006 | |
| #236 | 06/08/00 | 12:00 | 954-746-6967 | 954-572-5333 | 4 | Yes | | 001 | |
| #237 | 06/08/00 | 12:07 | 954-746-6967 | 954-584-9264 | 1 | Yes | | 001 | |
| #238 | 06/08/00 | 12:12 | 954-746-6967 | 954-572-5333 | 1 | Yes | | 001 | |
| #239 | 06/08/00 | 12:15 | 954-746-6967 | 954-523-2312 | 1 | Yes | | 001 | |
| #240 | 06/08/00 | 12:34 | 954-741-5887 | 954-746-6967 | 1 | Yes | | 001 | |
| #241 | 06/08/00 | 12:38 | 954-746-6967 | 954-741-8176 | 1 | Yes | | 001 | |
| #242 | 06/08/00 | 13:09 | 954-746-6967 | 212-825-3543 | 3 | Yes | EXCEL TELE | 110 | |
| #243 | 06/08/00 | 13:49 | 954-746-6967 | 954-923-9317 | 1 | Yes | | 001 | |
| #244 | 06/08/00 | 13:49 | 954-746-6967 | 954-986-6363 | 1 | Yes | | 001 | |
| #245 | 06/08/00 | 13:50 | 954-746-6967 | 954-446-8767 | 1 | Yes | | 001 | |
| #246 | 06/08/00 | 13:53 | 954-746-6967 | 800-267-4768 | 2 | Yes | 0333 | 141 | 8002474768 |
| #247 | 06/08/00 | 14:10 | 954-746-6967 | 305-558-6704 | 13 | Yes | | 006 | |
| #248 | 06/08/00 | 14:23 | 954-746-6967 | 954-436-5119 | 1 | Yes | | 001 | |
| #249 | 06/08/00 | 14:50 | 954-746-6967 | 954-465-3759 | 1 | Yes | | 001 | |
| #250 | 06/08/00 | 14:56 | 954-746-6967 | 954-560-7707 | 1 | Yes | | 001 | |
| #251 | 06/08/00 | 15:45 | 954-746-6967 | 800-292-1657 | 1 | Yes | MCI | 141 | 8002921657 |
| #252 | 06/08/00 | 16:03 | 954-746-6967 | 954-563-9981 | 1 | Yes | | 001 | |
| #253 | 06/08/00 | 16:04 | 954-746-6967 | 954-563-9981 | 7 | Yes | | 001 | |
| #254 | 06/08/00 | 16:13 | 954-746-6967 | 954-563-9981 | 2 | Yes | | 001 | |
| #255 | 06/08/00 | 16:55 | 954-476-8308 | 954-746-6967 | 1 | Yes | | 001 | |
| #256 | 06/08/00 | 17:18 | 954-746-6967 | 954-476-3527 | 1 | Yes | | 001 | |
| #257 | 06/09/00 | 09:18 | 954-746-6967 | 954-343-2280 | 1 | Yes | | 001 | |
| #258 | 06/09/00 | 09:40 | 954-746-6967 | 000-411-0000 | 1 | Yes | | 194 | |
| #259 | 06/09/00 | 09:41 | 954-746-6967 | 954-741-5650 | 1 | Yes | | 001 | |
| #260 | 06/09/00 | 09:49 | 954-746-6967 | 954-465-3759 | 2 | Yes | | 001 | |
| #261 | 06/09/00 | 10:02 | 954-746-6967 | 954-619-3661 | 1 | Yes | | 001 | |
| #262 | 06/09/00 | 10:10 | 954-746-6967 | 561-286-7323 | 1 | Yes | AT&T | 119 | |
| #263 | 06/09/00 | 10:10 | 954-746-6967 | 800-762-6288 | 1 | Yes | AT&T | 141 | 8007626288 |
| #264 | 06/09/00 | 10:45 | 954-746-6967 | 954-619-3661 | 1 | Yes | | 001 | |
| #265 | 06/09/00 | 10:57 | 954-746-6967 | 954-560-7707 | 1 | Yes | | 001 | |
| #266 | 06/09/00 | 11:21 | 404-659-9246 | 954-746-6967 | 0 | NO | QWEST | 110 | |
| #267 | 06/09/00 | 11:22 | 954-746-6967 | 954-845-0298 | 1 | Yes | | 001 | |
| #268 | 06/09/00 | 12:01 | 954-746-6967 | 954-341-4343 | 1 | Yes | | 001 | |
| #269 | 06/09/00 | 12:01 | 954-746-6967 | 954-344-4343 | 1 | Yes | | 001 | |
| #270 | 06/09/00 | 12:03 | 954-746-6967 | 954-560-7707 | 1 | Yes | | 001 | |
| #271 | 06/09/00 | 12:23 | 954-746-6967 | 000-411-0000 | 1 | Yes | | 194 | |
| #272 | 06/09/00 | 12:24 | 954-746-6967 | 954-741-7300 | 2 | Yes | | 001 | |
| #273 | 06/09/00 | 12:26 | 954-746-6967 | 954-523-3309 | 1 | Yes | | 001 | |
| #274 | 06/09/00 | 12:27 | 954-746-6967 | 954-741-7300 | 2 | Yes | | 001 | |
| #275 | 06/09/00 | 12:27 | 954-746-6967 | 954-741-7301 | 1 | Yes | | 001 | |

Telephone call originated from Doctor's Office to the Sunrise Social Security Office.