UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6238-CR-FERGUSON

MAGISTRATE JUDGE SNOW

UNITED STATES OF AMERICA, :

    Plaintiff, :

vs. :

LEONARDO SERRANO, :

    Defendant. :
_____/

# MOTION TO SUPPRESS STATEMENTS

The defendant, Leonardo Serrano, through counsel, files this motion to suppress statements in the above-styled case and as grounds in support thereof states as follows:

1. On August 24, 2000, Mr. Serrano was charged by way of indictment with violating 18 U.S.C. § 1505 or obstruction of justice.

2. Mr. Serrano was employed by the Social Security Administration as a management support specialist. His job duties included assisting the manager of the local Social Security office with the day to day running of the office. Mr. Serrano was employed by the Social Security Administration for 26 years, the last 18 years in a management role. He is intimately familiar with the internal administrative procedures of the Social Security office.

3. The government alleges that on June 8, 2000, Mr. Serrano, while employed with Social Security, obstructed justice by impeding a Social Security Administration investigation. The obstruction is alleged to have occurred by Serrano contacting the subject of a disability fraud investigation and informing the subject of the nature and existence of the investigation.

4. On July 27, 2000, Agent Javier Montero of the Social Security Administration, Office of Inspector General, the criminal investigative branch of Social Security, confronted Serrano in his Tampa motel room. Agent Montero was accompanied by FBI Agent Steffan Nass.

5. Agent Montero initially told Mr. Serrano that he wanted to talk to him about "violations of standards of conduct" by Mr. Serrano. Mr. Serrano knew immediately this meant that an investigation regarding misconduct was being conducted by Agent Montero which could result in his suspension and later termination as an employee with the Social Security Administration.

6. Immediately thereafter, Agent Montero presented Mr. Serrano with a form entitled "Federal Employee Advice of Rights." The form begins "[T]his is an inquiry regarding information pertaining to or allegations of misconduct or improper performance of official duties." (The Advice of Rights form is attached hereto as defense Exhibit A.)

7. The form also indicates that, "[T]he matter under investigation could also constitute a violation of law which could result in criminal prosecution of responsible individuals." The form then appears to give a partial recitation of "Miranda" rights indicating "[Y]ou have the right to remain silent if your answers tend to incriminate you. If you decide to answer questions or to make a statement, you may stop answering at any time. Anything you say may be used as evidence both

2

in any future administrative proceeding initiated by the Social Security Administration or any future criminal proceedings."

8. Finally, the form relates. "If you refuse to answer the questions posed to you on the ground that the answers may tend to incriminate you, you cannot be discharged by the Social Security Administration solely for remaining silent. However, your silence can be considered by the Social Security Administration in an administrative proceeding for its evidentiary value that is warranted by the facts surrounding your case."

9. Mr. Serrano, fully aware of the administrative policies and procedures of the Social Security Administration, felt compelled to give Agent Montero a statement. Not to do so would result in suspension and termination from the Social Security Administration. As a result, Serrano signed the Advice of Rights form and gave a statement to Montero.

## MEMORANDUM OF LAW

In Garrity v. New Jersey, 385 U.S. 493 (1967) the Supreme Court ruled that an accused may not be placed in the position of incriminating himself or losing his job. Id. at 498. Furthermore, when the official of the body politic is placed in the position of choosing between the right of self-incrimination and the loss of employment he is given "a choice between the rock and the whirlpool which make the statements products of coercion in violation of the Fourteenth Amendment." Id. at 496. Indeed, the choice is "likely to exert such pressure upon an individual as to disable him from making a free and rational choice." Id. at 497. Finally, "'where the choice is between the rock and the whirlpool,' duress is inherent in deciding to waive one or the other." Id. at 498.

In <u>Garrity</u>, Fifth Amendment protections were held applicable to police officers subjected to interrogation by other law enforcement officers and that incriminating statements made under threat of termination for remaining silent are inadmissible in a <u>subsequent</u> criminal prosecution concerning the matter of inquiry. <u>United States v. Veal</u>, 153 F.3d 1233, 1239 (11th Cir. 1998) (emphasis added). In <u>Veal</u>, the Eleventh Circuit stated:

> Under Garrity, a public employee is protected so that he does not forfeit his Fifth Amendment right to silence or lose his public employment when requested to give a statement in the course of an internal investigation; such statements may not be used against the employee in a criminal prosecution concerning the matter under investigation.

<u>Id</u>. at 1235 n.1.

The protection enunciated in <u>Garrity</u> applies to all public employees or the body politic. Garrity at 499. See, Lefkowitz v. Turley, 414 U.S. 70 (1973); Harrison v. Willie, 132 F.3d 679, 682 (11th Cir. 1998); Benjamin v. City of Montgomery, 785 F.2d 959 (11th Cir. 1986); Womer v. Hampton, 496 F.2d 99 (5th Cir. 1974).

Moreover, an <u>implied</u> threat of removal from office, if one fails to respond, prohibits remarks and answers to questions from being used against the employee in a criminal proceeding. Womer v. Hampton, 496 F.2d 99, 108 (5th Cir. 1974) (emphasis added). Indeed, a confession is voluntary if under the totality of the circumstances, it is the product of the defendant's free and rational choice. This means that the confession must not be extracted by any direct or implied promises, or by the exertion of any improper influence. Harris v. Dugger, 874 F.2d 756, 761 (11th Cir. 1989).

4

In the instant case, Lenny Serrano, a 26 year veteran of the Social Security Administration, who has conducted investigations regarding violation of standards of conduct himself, was confronted by an agent of the Social Security Administration, Office of Inspector General. This agent tracked Mr. Serrano to a hotel room in Tampa and notified Serrano he was the target of an investigation pertaining to allegations of misconduct in the performance of his official duties. Immediately Mr. Serrano was of the belief that this investigation could lead to the loss of his long held job at the Social Security Administration. Agent Montero, accompanied by FBI Agent Steffan Nass, thereafter had Serrano read a form entitled Federal Employee Advice of Rights, which verified that he was being formally investigated for misconduct. Mr. Serrano believed it essential that he cooperate and give a statement in this matter. To not cooperate and give a statement would surely mean the loss of his job notwithstanding the disclaimer that he could not be discharged solely for remaining silent. In reality, as known by Mr. Serrano, if one does not cooperate with OIG, that individual may be suspended and terminated. Mr. Serrano was compelled under the totality of the circumstances to give a statement to Agent Montero. The choice given was between remaining silent or losing his job. He chose to give a statement to preserve his job and ultimately gave an incriminating statement. This statement cannot be used in a future criminal proceeding pursuant to Garrity. Furthermore, the statement was not voluntary in that it was not the product of free and rational choice. Harris v. Dugger, 153 F.3d 1233, 1244 n.14 (11th Cir. 1998). The statement taken by Agent Montero was not voluntarily given and was in violation of the Fifth Amendment to the United States Constitution. Accordingly, Mr. Serrano asks that this Court grant this Motion to Suppress.

The defendant requests an evidentiary hearing to submit evidence in support of the motion.

WHEREFORE, the defendant requests this Court grant this motion.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Timothy M. Day
Assistant Federal Public Defender
Florida Bar No. 360325
101 N.E. 3rd Avenue
Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436
(954) 356-7556 (fax)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this 30 day of November, 2000 to Robert Nicholson, Esquire, United States Attorney's Office, 299 E. Broward Blvd., Fort Lauderdale, Florida 33301.

_____
Timothy M. Day

S:\DAY\Serrano\Suppress.01.wpd

6

Office of the Inspector General
Office of Investigations
Social Security Administration

## Federal Employee Advice of Rights

This is an inquiry regarding information pertaining to or allegations of misconduct or improper performance of official duties. In accordance with the Privacy Act of 1974, you are advised that the authority to conduct this interview is contained in the Inspector General Act of 1978, as amended, 5 U.S.C. App 3 Section 4.

The matter under investigation could also constitute a violation of law which could result in criminal prosecution of responsible individuals.

This inquiry concerns _a telephone call you placed on 6/8/00 to Russell Asness_

ʝu have the right to remain silent if your answers may tend to incriminate you. If you do decide to answer questions or to make a statement, you may stop answering at any time.

Anything you say may be used as evidence against you both in any future administrative proceeding initiated by the Social Security Administration or any future criminal proceedings.

If you refuse to answer the questions posed to you on the ground that the answers may tend to incriminate you, you cannot be discharged by the Social Security Administration solely for remaining silent. However, your silence can be considered by the Social Security Administration in an administrative proceeding for its evidentiary value that is warranted by the facts surrounding your case.

WAIVER

I understand the warnings and assurances stated above and I wish to answer questions or make a statement concerning this matter. No promises have been made to me and no pressure or coercion of any kind have been used against me. I know and understand what I am doing.

| 7/27/00 | 10:05 | _signature_ |
|---|---|---|
| (Date) | (Time) | (Signature) |

L. Serrano
(Print Name)

| _Jan B. Marker_ | 7/27/00 | 10:05 pm |
|---|---|---|
| (Investigator) | (Date) | (Time) |

| _signature_ FBI Miami | 7/27/00 | 10:05 p |
|---|---|---|
| (Witness) | (Date) | (Time) |

This report contains sensitive law enforcement material, and is the property of the Social Security Administration, Office of the Inspector General (SSA OIG). It may not be copied or reproduced without written permission from the SSA OIG. This report is FOR OFFICIAL USE ONLY, and its disclosure to unauthorized persons is strictly prohibited and may subject the disclosing party to liability. Public availability to be determined under 5 U.S.C. §§ 552, 552a.

FORM OI-15 (Revised 6/1/98)                                    **03**