UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6238-CR-FERGUSON

MAGISTRATE JUDGE SNOW

UNITED STATES OF AMERICA,  :

    Plaintiff,  :

vs.  :

LEONARDO SERRANO,  :

    Defendant.  :
_____/



## DEFENDANT SERRANO'S DEMAND FOR SPECIFIC *BRADY* AND INCORPORATED MEMORANDUM OF LAW

The defendant, Leonardo Serrano, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Bagley*, 473 U.S. 667 (1985) and the Court's Standing Discovery Order, respectfully requests that this Court order the government and its agencies to provide the defense with the information specified below, as well as any other information qualifying for disclosure. In support of this motion, defendant Serrano states as follows:

### FACTUAL BACKGROUND

Mr. Serrano is charged with obstruction of justice by informing the subject of an investigation by the Social Security Administration, of the nature and existence of the investigation. It is one of the defense contentions that the subject may have been aware of the investigation and that Serrano's call to him did not obstruct or impede the investigation.

## SPECIFIC *BRADY* REQUESTS

Defendant Serrano requests that the following information be disclosed:

1.  Any and all reports documenting the activities of Dr. Posner in his office (presumably working as a physician) prior to the date of his interview with Agent Montero on June 8, 2000.

2.  Any and all reports documenting billing by Dr. Posner for any work prior to June 8, 2000.

3.  Any and all reports documenting income earned or derived by Dr. Posner prior to June 8, 2000 whether or not it was actually earned in his name.

4.  Any and all reports documenting the activities of the "other subjects" of the investigation which demonstrates their participation in the fraudulent scheme prior to June 8, 2000.

5.  Any and all information demonstrating that Dr. Posner or "other subjects" of the investigation were aware they were being investigated prior to June 8, 2000.

6.  Any and all reports documenting that Dr. Posner was under investigation by the FBI prior to June 8, 2000 or was aware of the FBI investigation prior to June 8, 2000.

7.  Any and all reports documenting the fact that Fred Salas was investigated for thwarting or otherwise failing to investigate an earlier fraud claim against Dr. Posner. This is potential impeachment evidence of government witness Salas.

8.  Any and all reports of the administrative action take against Serrano by the Social Security Administration.

## MEMORANDUM OF LAW

The Supreme Court has held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process when the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady,* 373 U.S. at 87. Evidence that will "play a role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal" must be provided by the government to the defense. *United States v. Lloyd,* 993 F.2d 348, 351 (D.C. Cir. 1993) (citations omitted). Evidence favorable to the accused includes impeachment evidence. *United States v. Bagley,* 473 U.S. 667 (1985); *Kyles v. Whitley,* 115 S.Ct. at 1565; *United States v. Newton,* 44 F.3d 913, 918 (11th Cir. 1994), *cert. denied,* 116 S.Ct. 161 (1995); *see, e.g., United States v. Bueno-Sierra,* 99 F.3d 375,379 (11th Cir. 1996). If the material exists and is in the hands of the government or an agent of the government, the failure to disclose the evidence is a violation of the precepts of *Brady* and the other authorities cited above.

Serrano is entitled to the specific information set forth above. The evidence is either directly favorable to Serrano, or might, upon further investigation, lead to evidence favorable to Serrano. Serrano is entitled to any evidence the government has in its possession or control which might, upon further investigation, lead to evidence favorable to Serrano. The discovery provided to Serrano by the government fails to contain any of the information requested.

All of the information requested is discoverable under the line of authorities cited above and under the Court's Standing Discovery Order. The government should be compelled to produce the items.

3

WHEREFORE, defendant, Leonardo Serrano, moves this Court to enter an Order requiring the government to produce the items detailed in this motion and any other items discoverable pursuant to the standing discovery order and the rules of evidence.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Timothy M. Day
Assistant Federal Public Defender
Florida Bar No. 360325
101 N.E. 3rd Avenue
Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436
(954) 356-7556 (fax)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this ___ day of December, 2000 to Robert Nicholson, Esquire, United States Attorney's Office, 299 E. Broward Blvd., Fort Lauderdale, Florida 33301.

_____
Timothy M. Day

S:\DAY\Serrano\Brady.01.wpd

4