UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6238-CR-FERGUSON

MAGISTRATE JUDGE SNOW

UNITED STATES OF AMERICA,  :

    Plaintiff,             :

vs.                          :

LEONARDO SERRANO,      :

    Defendant.          :
_____/



## DEFENDANT'S MOTION FOR LIMITED DOWNWARD DEPARTURE AND MEMORANDUM OF LAW

COMES NOW the defense and moves this court for a downward departure from the sentencing guidelines and in support thereof states:

This court has authority to depart in any case not falling within the "'heartland,' a set of typical cases embodying the conduct that each guideline describes" which were "carved out" by the Sentencing Commission. U.S.S.G. Introduction, p. 5, Ch. 1, Pt. A, § 4(b). "When the court finds an atypical case ... the court may consider whether a departure is authorized ... the Commission does not intend to limit the kinds of factors, whether or not mentioned elsewhere in the guidelines, that could constitute grounds for departure in the unusual case." Id. at 5-6.

Both Congress and the Sentencing Commission agreed that there would be times when various factors about a defendant would make a particular sentence inappropriate. Therefore, both Congress and the Sentencing Commission set out which factors, if substantially different in a case than in the normal or "heartland" case, should be considered as a bases for a downward departure from the usually appropriate Guideline range. U.S.S.G. Introduction, p. 5, Ch. 1, Pt. A, § 4(b) and 18 U.S.C. § 3553(b). The Guidelines provide:

> The sentencing statute permits a court to depart from a guideline-specified sentence ... when it finds "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."

U.S.S.G. § 1A4(b), quoting 18 U.S.C. § 3553. *See United States v. Ponder*, 963 F.2d 1506, 1509-10 (11th Cir. 1992) (Eleventh Circuit supported a departure "even if the circumstances presented by the case vary only in degree from that presented by the guideline.").

The United States Supreme Court addressed the issue of guideline departures, in *Koon v. United States*, 116 S. Ct. 2035 (1996). The Supreme Court's *Koon* decision clarified and reemphasized that sentencing courts still have broad discretion to tailor appropriate sentences to the facts of a case.

Reversing a Ninth Circuit decision which had struck down the downward departures in *Koon*, the Supreme Court unanimously clarified that, from now on, departures should be reviewed on appeal only for abuse of discretion. *Id.* at 2043.[1] This ruling represented a significant change in the

---

[1] While there were some concurring opinions in *Koon*, all of the Justices joined in the portions of the opinion discussed here, concerning the appropriate standard of review and the need for sentencing judges to retain substantial departure discretion.

2

law of most Circuits, including this one. Prior to *Koon,* almost every Circuit had held that district

court decisions about whether a factor could be used as a valid legal basis for departure must be

reviewed *de novo.*

In *Koon,* the Supreme Court went out of its way to stress that its decision was designed to

promote a view of the Sentencing Reform Act that retains much of the traditional sentencing

discretion of district judges. While acknowledging the Sentencing Guidelines' goal of uniformity,

Justice Kennedy explained:

> This too must be remembered, however. It has been uniform and
> constant in the federal judicial tradition for the sentencing judge to
> consider every convicted person as an individual and every case as a
> unique study in the human failings that sometimes mitigate,
> sometimes magnify, the crime and the punishment to ensue. We do
> not understand it to have been the congressional purpose to withdraw
> all sentencing discretion from the United States District Judge.
> Discretion is reserved within the Sentencing Guidelines, and reflected
> by the standard of appellate review we adopt.

116 S. Ct. at 2053. In addition, "the text of § 3742 manifests an intent that district courts retain

much of their traditional sentencing discretion." *Id.* at 2046. In fact, the Supreme Court stated that,

unless the Commission itself had "proscribed, as a categorical matter, consideration of the factor,"

courts should not reject **any** factor as a possible ground for downward departure; rather, "the

sentencing court must determine whether the factor, as occurring in the particular circumstances,

takes the case outside the heartland of the applicable Guideline." *Id.* at 2051.

In evaluating this "heartland," the Supreme Court cited the Guidelines' own acknowledgment

that "the Commission did not adequately take into account cases that are, for one reason or another,

**unusual.**" *Id.* at 2044 (quoting U.S.S.G. ch. 1, pt. A, Intro. Comment 4(b)) (emphasis added). The

Court described the expected process as follows: "A district judge now must impose on a defendant

3

a sentence falling within the range of the applicable Guideline **if the case is an ordinary one.**" *Id.*

at 2044. The focus thus should be on whether the facts of a case are "unusual" --or not "ordinary"

--with a sentencing court still largely free to tailor an appropriate sentence through departure if the

answer is yes. "The relevant question is not, as the Government says, whether a particular factor is

within the 'heartland' as a general proposition ... but whether the particular factor is within the

heartland **given all the facts of the case.**" *Id.* at 2047. The Supreme Court explained that:

> The [Sentencing Reform] Act did not eliminate all of the district
> court's discretion, however. Acknowledging the **wisdom, even the
> necessity**, of sentencing procedures **that take into account
> individual circumstances**, 28 U.S.C. § 991(b)(1)(B), Congress
> allows district courts to depart from the applicable guideline range if
> "the court finds that there exists an aggravating or mitigating
> circumstance of a kind, **or to a degree**, not adequately taken into
> consideration by the Sentencing Commission in formulating the
> guidelines that **should** result in a sentence **different from that
> described**."

116 S. Ct. at 2044 (quoting 18 U.S.C. § 3553 (b)). The Court emphasized that "[t]he Guidelines ...

'place essentially no limit on the number of potential factors that may warrant departure.'" *Id.* at

2051.

In *Koon*, the majority even upheld, as a valid basis for a downward departure under the facts

of that case, the defendants' susceptibility to abuse in prison--a "discouraged factor" that the

Commission had stated should not ordinarily be used as a basis for a downward departure. *Id.* at

2053. The Supreme Court also approved of departures based on an **aggregation of factors**, even

if none of those factors, when considered alone, provided a sufficient basis to support a downward

departure. *Id.* at 2053-54 (remanding for possible reimposition of downward departure despite

recognition that district court had found none of the factors individually worthy of departure).

4

Consistent with *Koon*, the catch-all provision in U.S.S.G. § 5K2.0 authorized this Court

generally to depart downward on grounds not specifically mentioned in the Guidelines, any time

there exists a mitigating circumstance of a kind, or to a degree, not adequately taken into

consideration by the Sentencing Commission. U.S.S.G. § 5K2.0 ("Circumstances that may warrant

departure from the guidelines pursuant to this provision cannot, by their very nature, be

comprehensively listed and analyzed in advance").

## Aberrant Behavior

Effective November 1, 2000, guideline amendment 603 to the Sentencing Guidelines was

enacted. Previously the guidelines had not addressed "single acts of aberrant behavior" at the time

the introduction to the Guidelines Manual originally was written. The Amendment is found at

U.S.S.G. § 5K2.20 and reads:

> A sentence below the applicable guideline range may be warranted in
> an extraordinary case if the defendant's criminal conduct constituted
> aberrant behavior. However, the court may not depart below the
> guideline range on this basis if (1) the offense involved serious bodily
> injury or death; (2) the defendant discharged a firearm or otherwise
> used a firearm or a dangerous weapon; (3) the instant offense of
> conviction is a serious drug trafficking offense; (4) the defendant has
> more than one criminal history point, as determined under Chapter
> Four (Criminal History and Criminal Livelihood); or (5) the
> defendant has a prior federal, or state, felony conviction, regardless
> of whether the conviction is countable under Chapter Four.

This Amendment reflects a rejection of the narrow view of aberrant behavior limiting it to

cases involving a single act, adopted by the majority of circuits including the 11th Circuit in United

States v. Withrow, 85 F.3d 527 (11th Cir. 1996). See commentary to the supplement to Appendix

C for Amendment 603. This Amendment broadened the application of aberrant behavior, the new

definition of which is found at Application Note 1 to 5K2.20, which reads in pertinent part:

5

> "Aberrant behavior" means a single criminal occurrence or single
> criminal transaction that (A) was committed without significant
> planning; (B) was of limited duration; and (C) represents a marked
> deviation by the defendant from an otherwise law-abiding life.

Furthermore, the supplement to Appendix C gives further explanation of the nature of the

amendment and the reasons for it, stating in pertinent part:

> This amendment addresses the circuit conflict but does not adopt in
> toto either the majority or minority circuit view on this issue. As a
> threshold matter, this amendment provides that the departure is
> available only in an extraordinary case. However, the amendment
> defines and describes "aberrant behavior" more flexibly than the
> interpretation of existing guideline language followed by the majority
> of circuits that have allowed a departure for aberrant behavior only in
> a case involving a single act that was spontaneous and seemingly
> thoughtless. The Commission concluded that this application of the
> current language in Chapter One is overly restrictive and may
> preclude departures for aberrant behavior in circumstances in which
> such a departure might be warranted.    For this reason, the
> Commission attempted to slightly relax the "single act" rule in some
> respects, and provide guidance and limitations regarding what can be
> considered aberrant behavior. At the same time, the Commission also
> chose not to adopt the "totality of circumstances" approach endorsed
> by the minority of circuits, concluding that the latter approach is
> overly broad and vague.    The Commission anticipates that this
> compromise amendment will not broadly expand departures for
> aberrant behavior.

Other circuits have upheld departures on this ground, previously, in a variety of

circumstances and for a variety of offenses. See, e.g., United States v. Russell, 870 F.2d 18 (1st Cir.

1989) (first offender armored car driver kept money accidentally given to him; departure upheld)

United States v. Dickey, 924 F.2d 836 99th Cir.) cert. denied, 502 U.S. 943 91991) (possession of

engraved plate and printing of counterfeit currency; court had discretion to depart); United States v.

Takai, 941 F.2d 738 (9th Cir. 1991) (bribery of government official; departure upheld); United States

v. Fairless, 975 F.2d 664 (9th Cir. 1992) (armed bank robbery; departure upheld); United States v.

6

Tsosie, 14 F.3d 1438 (10th Cir. 1994) (aberrant behavior departure to four months in halfway house on manslaughter conviction upheld).

The facts and circumstances of the instant case demonstrate clearly that Mr. Serrano's conduct falls squarely within the definition of aberrant behavior. Mr. Serrano was a 26 year veteran of the Social Security Administration. As accurately reflected in the PSI at paragraph 6 of page 3, on June 8, 2000, Agent Montero scheduled an undercover disability interview with Dr. Posner. Later that day, Mr. Serrano called Dr. Posner, who he knew previously, and informed him that Agent Montero was with OIG. The phone call was a couple of minutes in duration.

Applying the definition of aberrant behavior factually, we see clearly that this conduct is a "single criminal occurrence or single criminal transaction." The offense was accomplished without significant planning, was of limited duration and certainly represented a marked deviation from an otherwise law abiding life. Furthermore, there was no bodily injury or death. Mr. Serrano did not discharge or otherwise use the firearm as defined in U.S.S.G. § 1B1.1, the offense is not a drug trafficking offense, and Mr. Serrano does not have more than one criminal history point, as he has no previous federal or state felony convictions.

In sum, the present criminal behavior is clearly aberrant. In fact, it would even qualify as aberrant under the old narrow definition enunciated in Withrow. Leonardo Serrano made a two minute call that he later regretted. This act did not involve substantial planning. In fact, it involved very little planning. These are the kind of circumstances that would allow the Court, consistent with 5K2.20, to exercise discretion and depart below the guidelines. The defendant requests that the Court so depart. Mr. Serrano requests a limited two level departure which would bring him into Zone A of the guidelines.

7

WHEREFORE, the defendant requests that this Honorable Court depart downward from the

sentencing guidelines.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By:

Timothy M. Day
Assistant Federal Public Defender
Florida Bar No. 360325
101 N.E. 3rd Avenue
Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436 ext. 108
(954) 356-7556 (fax)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this

___9___ day of March, 2001 to Robert Nicholson, Esquire, United States Attorney's Office, 299 E.

Broward Blvd., Fort Lauderdale, Florida 33301 and to Ed Cooley, United States Probation Office,

299 E. Broward Blvd., Room 409, Fort Lauderdale, Florida 33301.

Timothy M. Day

S \DAY\Serrano\DEPART.1

8